IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

---------------------------------------------------------------X
MICHAEL BROWN, :
: No. 3:15-cv-588
Plaintiff, : **CLASS ACTION**
: **COMPLAINT AND**
-against- : **JURY DEMAND**
:
SWAGWAY, LLC, and :
MODELL'S SPORTING GOODS, INC, :
:
Defendant. :
---------------------------------------------------------------X

## INTRODUCTION

Plaintiffs Michael Brown ("Plaintiff"), by and through his undersigned attorneys, alleges, upon information and belief, except as to the allegations concerning Plaintiff himself, which Plaintiff alleges upon personal knowledge, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant Swagway, LLC ("Swagway") under the implied warranty of merchantability, New York's Consumer Protection from Deceptive Acts and Practices Act, Article 22-a, General Business Law §§ 349 and 350 ("GBL 349 & 350") and similar statutes in effect in other states, and the law of unjust enrichment pursuant to F ED. R. C IV. P. 23 on behalf of all consumers who purchased a "Swagway Smart Balancing Electric Skateboard" or similar models (the "Swagway Hoverboard") nationwide (the "Class"). Plaintiff and the Class are entitled to compensatory as well as punitive damages.

2. Plaintiff brings this action against Defendant Modell's Sporting Goods, Inc. ("Modell's") under the implied warranty of merchantability, GBL 349 and similar

1

statutes in effect in other states, and the law of unjust enrichment pursuant to FED. R. CIV. P. 23 on behalf of all consumers who purchased a Swagway Hoverboard nationwide from Modell's (the "Subclass"). Plaintiff and the Subclass are entitled to compensatory as well as punitive damages.

## JURISDICTION AND VENUE

3. This Court has Jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). Some members of the Class of plaintiffs are citizens of a State different from a defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Defendants are subject to personal jurisdiction in that Swagway's principal place of business is in this District and Modell's conducts significant business with Swagway.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Michael Brown was, at all relevant times, an adult individual, domiciled in Chappaqua, New York.

2

9. Upon information and belief, Swagway is a limited liability company registered in Indiana. Swagway operates a place of business at 3431 William Richardson Dr., Suite F, South Bend IN 46628.

10. Upon information and belief, Defendant, Modell's, is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 498 Seventh Avenue, 20th Floor, New York, New York.

11. Swagway and Modell's (together "Defendants") were and are doing business in the State of Indiana, including St. Joseph County.

## STATEMENT OF FACTS

**The Swagway Hoverboard**

12. Swagway sells the Swagway Hoverboard.

13. According to Swagway's, website, "SWAGWAY is very meticulous" with respect to the manufacture of Swagway Hoverboards. "We make sure our boards are made with the finest parts. All of our boards come with a high quality aluminum alloy frame. Our batteries are a high-powered lithium ion Samsung/LG battery. Our technology is built on a strong platform, which eliminates reaction time from rider to board, giving the ability to maneuver wherever the user pleases. We are still a higher quality but for an even more affordable price."

14. A February 4, 2015 CNBC article quoted a Swagway corporate representative as stating, "These types of boards are new so there seems to be a lot of varying information out there, but for sake of safety, we can't stress enough how the caliber of the components used can make an impact in the overall safety of these boards."

3

15. The Swagway Hoverboard runs off of a battery that is charged via an ordinary electric wall socket. The Swagway User Manual provides: "Locate the charging port on the back of the Swagway. • Ensure the charging port is dry. • First plug the charger into the wall (100V-240V; 50, 60Hz). Verify the green light lights up, then plug the other end of the charger into the Swagway. • The red indicator light on the charger indicates that it is charging properly. If the light does not come on, check that the charger is connected securely to the wall and to the Swagway."

16. Upon information and belief, Swagway Hoverboards are sold throughout the United States. The following graphic, copied from Swagway's website, www.swagway.com, provides transit time for shipping Swagway Hoverboards to every state:



4

17. Swagway Hoverboards are available for purchase from Modell's website, www.modells.com. They are also available for sale at Swagway.com, Amazon.com, newegg.com, pcdirect.com, Target.com, and Walmart.com.

18. Swagway markets its Swagway Hoverboards on its own website, as well as Facebook (facebook.com/swagwayusa), Twitter (twitter.com/swagwayusa), Pinterest (www.pinterest.com/swagwayusa), Youtube (https://www.youtube.com/channel/UCncZXPMRgIOQcmpKjhCT9oA), and Instagram (instagram.com/swagwayusa), and through additional channels, including QVC.

19. Swagway Hoverboards have been featured in the following television shows with a nationwide audience: Good Morning America, The Inside, The Today Show, The Ellen Degeneres Show, and CBS This Morning. They have also been featured in such publications as USA Today, Wired, People, and PC Magazine.

20. In actuality, the Swagway Hoverboard is unsafe for its intended use inasmuch as it is defective and presents a material likelihood that it will self-combust or short-circuit while charging, leading to fire and/or other damage.

21. In marketing and selling Swagway Hoverboards on its website, as well as otherwise, Swagway did not disclose the defects in the product that could cause it to be self-combusting and otherwise dangerous, and, rather, impliedly or expressly represented that the product would be safe for its intended purposes and free from defect and/or failed to disclose that the product was unsafe, not fit for its intended purposes and not free from defect.

22. In deciding to market and sell Swagway Hoverboards, as on its website, as well as within its stores, Modells failed to take proper steps to ensure that the product was

5

safe and free from defect and not inherently dangerous as a result of its defect, and, rather impliedly or expressly represented that the product would be safe for its intended purposes and free from defect and/or failed to disclose that the product was unsafe, not fit for its intended purposes and not free from defect.

23. Unless enjoined, Defendants will continue to market and sell the defective and dangerous Swagway Hoverboards.

**Hoverboards In America and Throughout the World Have Been Self-Combusting**

24. Upon information and belief, self-balancing electric scooters have been combusting across the country and the world.

25. On December 9, 2015, Newsweek published an article with the headline "Another Day, Another Hoverboard Explosion: Concern Over Safety Continues to Grow." The article reported that a family home in Louisiana and an apartment in Hong Kong burned down because of hoverboard fires.

26. The Newsweek article added that "nearly all hoverboards are manufactured in China with little safety oversight."

27. On November 9, 2015, the website BuzzfeedNews published an article entitled "Those Hoverboard Things Kids Ride Around On Keep Exploding." The article reported that a woman in England suffered burns after the hoverboard she was riding on caught fire. The article added that within the past month, London firefighters responded to two calls where hoverboards caught fire in homes.

28. Similarly, on December 3, 2015, the Wall Street Journal published a video under the caption "Hoverboard Fire Safety Concern Grows."

**Plaintiff's Swagway Hoverboard Self-Combusts**

6

29. On or about November 24, 2015, Plaintiff purchased a Swagway Hoverboard on www.modells.com.

30. The cost of the unit was $399.99 (and the total price was $443.49).

31. Plaintiff purchased the Swagway Hoverboard for his children, as a Chanukah present.

32. Neither Swagway nor Modell's warned Plaintiff that there was a substantial risk that the Swagway Hoverboard could burst into flames while charging.

33. On December 6, 2015, on the first night of Chanukah, the Swagway Hoverboard was removed from its box.

34. After approximately thirty minutes of use, the Swagway Hoverboard indicated low battery.

35. The Swagway Hoverboard was then plugged into an electrical outlet in accordance with Swagway's instructions.

36. Approximately 45 minutes later, the Swagway Hoverboard burst into flames.

37. The flames ignited the packaging materials, which were located nearby the Swagway Hoverboard.

38. The fire was so substantial that the fire department had to respond to the scene.

39. The fire destroyed the Swagway Hoverboard and damaged Plaintiff's home, as is shown by the following:

7



## **CLASS ALLEGATIONS**

40.     Plaintiff sues on his own behalf and on behalf of the Class and Subclass as defined above, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3) seeking to assert the claims set forth below.

41.     The Class and Subclass are so numerous that joinder of all members is impracticable.  Although the precise number of purchasers of Swagway Hoverboards is unknown, the number sold and identity of such purchasers is known to Defendants, are readily identifiable, and can be located through Defendants' records.  Upon information and belief, there are thousands of members of the Class and the Subclass.

42.     There are questions of law and fact common to the members of the Class and Subclass that predominate over any questions solely affecting the individual members of the Class and Subclass.

8

43. The critical question of law and fact common to Plaintiff, the Class and Subclass that will materially advance the litigation is whether, and if so when, Defendants learned that there was a substantial risk that the Swagway Hoverboard was defective and posed a danger of a fire hazard by bursting into flames during normal charging operation.

44. Other questions of law and fact common to the Class and Subclass that will materially advance the litigation include, without limitation:

   a. Whether Defendants failed to warn Plaintiff and the members of the Class and the Subclass that there was a substantial risk the Swagway Hoverboard could burst into flame during normal charging operation;

   b. Whether Defendants' failure to inform Plaintiff and members of the Class and the Subclass that there was a substantial risk that the Swagway Hoverboard was combustible during normal charging operation was a deceptive act and material omission of fact to reasonable purchasers of Swagway Hoverboards;

   c. Whether Defendants are liable for all damages claimed by Plaintiff and the Class and Subclass, including, without limitation, compensatory, punitive and statutory damages, restitution, interest, costs and disbursements, and attorneys' fees;

   d. Whether Defendants' failure to inform consumers that the Swagway Hoverboards were defective and susceptible to combustion constituted a deceptive or unfair act or acts in violation

9

    of the claims set forth in this Complaint, for which plaintiff and members of the Class are entitled to recover damages; and

  e. Whether Defendants should be enjoined from continuing to market and sell an unsafe and defective product and from continuing to market and sell the Swagway Hoverboards in a misleading and deceptive manner as set forth in this Complaint and whether Defendants should be compelled, among other things, to offer to the members of the Class and Subclass with an option to return for the full amount paid (and incidental cost such as shipping and taxes) and/or repair and replacement the product by providing them with a safe and non-defective product, at Defendants' expense.

  45. Plaintiff's claims are typical of the claims of the members of the Class and Subclass. Plaintiff has the same interests in this matter as all other members of the Class and Subclass.

  46. Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in consumer class action litigation.

  47. Class certification of Plaintiff's claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class and Subclass, making appropriate both declaratory and injunctive relief with respect to the Class and Subclass. The members of the Class and Subclass are

10

entitled to injunctive relief to end Defendants' common and uniform policy under the claims set forth herein.

48. Class certification of Plaintiff's claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Class and Subclass predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

50. The Subclass, as defined above, is also proper pursuant to FED. R. CIV. P. 23(c)(5).

**FIRST CLAIM FOR RELIEF:
BREACH OF THE IMPLIED WARRANTY**

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if they were set forth again herein.

52. The Swagway Hoverboard was advertised and sold by Defendants as safe and fit its ordinary purpose of transportation and use and free from defect.

53. Plaintiff and Class and Subclass members purchased the Swagway Hoverboard on the Defendants' implied warranties that the Swagway Hoverboard was safe and fit the purposes for which it was intended to be used and free from defects. Had they known that, contrary to the implied warranties that the Swagway Hoverbaord was not safe and fit the purposes for which it was intended to be used and not free from defect, they would not have purchased it.

11

USDC IN/ND case 3:15-cv-00588-RL-CAN document 1 filed 12/10/15 page 12 of 15

54. The Swagway Hoverboard was inherently defectively designed or manufactured so as to cause it to not to be safe and fit for the purposes for which it was intended to be used and not to be free from defect.

55. Any disclaimers of implied warranties are ineffectual, as they were not provided to Plaintiffs or Class or Subclass members or otherwise made known to them, who were not informed of the material non-compliance of the goods. In addition, any such disclaimers are unconscionable under the circumstances.

56. As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs and the Class and Subclass members have sustained economic losses and other damages for which they are entitled to compensatory and/or equitable damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF:**
**FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW**

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if they were set forth again herein.

58. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in connection with their activities set forth above vis-à-vis Swagway Hoverboards.

59. Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiffs and members of the Class and Sublcass would not have purchased Swagway Hoverboards and they have therefore proximately suffered injury in fact and ascertainable losses.

60. Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the

dangers and defects with the product, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes. Defendants' failure to abide by their statutory duties has been or may be continuing.

61. Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class and Subclass members.

62. Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to, N.Y. Gen. Bus. Law §§ 349 et seq. and 350-e, et seq., as well as substantially similar statutes in effect in the other States.

63. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class are entitled to a judgment that declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides for, as provided for law, compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

### THIRD CLAIM FOR RELIEF:
### Unjust Enrichment

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if they were set forth again herein.

65. Defendants benefitted from the sale of the Swagway.

66. Defendants' benefit came at the expense of Plaintiff and the other members of the Class given their wrongful acts and practices, as discussed above.

13

67. Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

74. Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiffs and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendants as follows:

    A.    For an Order certifying the Class and Subclass and any other appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and his counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

    B.    For declaratory and injunctive relief;

    C.    For compensatory, equitable and/or restitutionary damages according to proof and for all applicable statutory damages under the uniform deceptive acts and practices laws of the states encompassed by the Class;

    D.    For an award of attorneys' fees and costs;

    E.    For prejudgment interest and the costs of suit; and

    F.    For such other and further relief as this Court may deem just and proper.

14

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 10, 2015

By: s/Irwin B. Levin
Irwin B. Levin, No. 8786-49
Richard E. Shevitz, No. 2007-49
Vess A. Miller, No. 26495-53
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com
ltoops@cohenandmalad.com

Seth R. Lesser
Jeffrey A. Klafter
Fran L. Rudich
Michael H. Reed
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

Robert N. Kaplan
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

**ATTORNEYS FOR PLAINTIFF**

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**. Example:  U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# United States District Court
FOR THE NORTHERN DISTRICT OF INDIANA
South Bend Division

| | |
|---|---|
| Michael Brown, | ) |
| *Plaintiff,* | ) ) ) |
| vs. | ) Cause No: 3:15-cv-588 |
| Swagway, LLC and Modell's Sporting Goods, Inc.., | ) ) ) |
| *Defendants.* | ) ) |

**SUMMONS IN A CIVIL ACTION**

TO: (*Defendants' names and addresses*)

> *Swagway, LLC*
> c/o Sung L. Hyun
> 11335 E. 400 N.
> Grovertown, IN 46531
>
> Mitchell B. Modell, CEO
> Modell's Sporting Goods, Inc.
> 498 Seventh Avenue, 20th Floor
> New York, NY 10018-6701

A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) C or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) C you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff=s attorney, whose name and address are:

> *Irwin B. Levin, Richard E. Shevitz, Vess A. Miller*
> *COHEN & MALAD LLP*
> *One Indiana Square, Suite 1400*
> *Indianapolis, IN 46204*

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____
*Signature of Clerk or Deputy Clerk*

Civil Summons (Page 2)

Civil Action Number: 3:15-cv-588

# PROOF OF SERVICE
*(this section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)*_____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*_____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify)*:


My fees are $ _____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                  *Server's Signature*

                                  _____
                                  *Printed name and title*

                                  _____
                                  *Server's address*

Additional information regarding attempted service, etc.