IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL BROWN,<br><br>            Plaintiff,<br><br>v.<br><br>SWAGWAY, LLC, and<br>MODELL'S SPORTING GOODS, INC.,<br><br>            Defendants. | Case No. 3:15-cv-00588-JVB-CAN |

**DEFENDANT SWAGWAY, LLC'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS AND MOTION TO DISMISS <u>UNJUST ENRICHMENT CLAIM AND CLAIM FOR INJUNCTIVE RELIEF</u>**

**INTRODUCTION**

Plaintiff Michael Brown seeks to represent a class of all individuals nationwide who purchased a Swagway Smart Balancing Electric Skateboard (the "Swagway Hoverboard") because his Swagway Hoverboard allegedly burst into flames while being charged. Brown, however, alleges no facts to suggest that any other Swagway Hoverboard malfunctioned in the same way that his allegedly did, nor does he allege any facts that plausibly suggest that all other Swagway Hoverboards contain a common defect that make them unsafe. Because Brown fails to plead facts that satisfy the commonality and typicality requirements of Rule 23(a), his class action allegations should be struck pursuant to Rule 23(d)(1)(D).

Brown's class action allegations should be struck for the additional reason that a nationwide class cannot be certified in this case due to the substantial differences in the state laws applicable to the three claims that Brown brings. Moreover, Brown cannot represent individuals from states other than New York, because he lacks standing to bring claims under the laws of those states. In addition, under New York law, individuals whose products have not exhibited a defect have no cause of action. Therefore, Brown's attempt to represent absent class members who purchased Swagway Hoverboards that have functioned flawlessly, not just those whose Swagway Hoverboards have exhibited a defect, must fail.

It is appropriate to strike the class allegations without conducting discovery because they are pure issues of law. No amount of discovery will cure the defects in Brown's class definition. Deciding these issues now will avoid costly nationwide discovery, thus conserving the parties' resources and accelerating a resolution of the questions truly at issue in this case.

In addition, Brown's unjust enrichment claim should be dismissed because it is merely duplicative of his consumer protection and implied warranty claims. New York does not recognize duplicative unjust enrichment claims like Brown's. And finally, Brown's claims for injunctive relief should be dismissed because Brown has failed to allege that he is likely to suffer future injury.

## FACTUAL AND PROCEDURAL BACKGROUND

Brown filed a class action lawsuit on December 10, 2015, against Defendants Swagway, LLC and Modell's Sporting Goods, Inc. Brown alleges that the Swagway Hoverboard he purchased online from Modell's "burst into flames" while it was charging. (Compl. ¶¶ 29–39.) Brown's Complaint does not identify the nature of the alleged defect that caused his Swagway Hoverboard to self-combust, nor does it identify any factual basis for its speculation that all Swagway Hoverboard's contain either an unspecified inherent design defect or an unspecified inherent manufacturing defect. (*See, e.g.,* Compl. ¶ 54.) Brown asserts three causes of action: (1) breach of the implied warranty of merchantability; (2) violation of state consumer protection statutes; and (3) unjust enrichment. (Compl. ¶¶ 2–3.) In addition to money damages, Brown seeks to enjoin defendants from continuing to market and sell Swagway Hoverboards. (Compl. ¶ 44(e).) Brown is a New York resident and is the only named plaintiff. (*See* Compl. ¶ 8.) The basis for this Court's jurisdiction is the Class Action Fairness Act. (Compl. ¶ 3.)

Although Brown's Complaint fails to allege any other instance of a Swagway Hoverboard self-combusting or proving defective in any other way, Brown seeks to certify a class of all persons who purchased a Swagway Hoverboard in the United States. (Compl. ¶ 2.) He also seeks to certify a subclass of all persons who purchased a Swagway Hoverboard from Modell's (Compl. ¶3). Brown alleges that the question common to all class members is whether

defendants knew "that there was a substantial risk that the Swagway Hoverboard was defective and posed a danger of a fire hazard by bursting into flames during normal charging operation." (Compl. ¶ 43.) Brown alleges that class members suffered injuries because they would not have purchased the Swagway Hoverboard had they known it was "not safe." (Compl. ¶ 53.) He seeks class certification under Rules 23(b)(2) and (3). (Compl. ¶¶47–48.) Brown does not allege that he plans to purchase a Swagway Hoverboard in the future.

## ARGUMENT

### I.   The Court should strike Brown's class allegations.

When a person sues as a representative of a class, Rule 23 requires a court to determine "at an early practicable time . . . whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Any party to the action may move for a class determination. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("[A] court may deny class certification even before the plaintiff files a motion requesting certification. . . . It need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination."). A court may make a class certification decision before the parties conduct any discovery "where the pleadings make clear that the suit cannot satisfy Rule 23." *DuRocher v. Nat'l Collegiate Ath. Assoc.*, No. 1:13-cv-01570, 2015 WL 1505675, at *6 (S.D. Ind. Mar. 31, 2015). "[W]hen the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained." *Wright v. Family Dollar Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010).

Class certification requires that all four of the Fed. R. Civ. P. 23(a) requirements are satisfied, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, at least one subsection of Rule 23(b) must be shown to apply. Here, Brown's Complaint makes it clear that he cannot satisfy even the basic Rule 23(a) requirements, let alone the requirements of Rules 23(b)(2) or (3).

### A. Brown's Complaint pleads insufficient, threadbare conclusions regarding an unidentified standardized defect in Swagway Hoverboards that he claims creates the commonality and typicality required to certify a class.

"To meet the commonality requirement, Rule 23(a)(2) requires that there be 'questions of law or fact common to the class.' This means that there has to be a common nucleus of operative facts and the defendants have engaged in 'standardized conduct' towards members of the proposed class." *T.V. ex rel. B.V. v. Smith-Green Community School Corp.*, 267 F.R.D. 234, 237 (N.D. Ind. 2010) (citation omitted). "The typicality requirement is met if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.' The focus of this inquiry is whether the claim of the class representative has the same 'essential characteristics' as the claims of the proposed class members." *Id.* (citations omitted).

In this case, the Complaint fails to allege that even one other person purchased a Swagway Hoverboard that malfunctioned. Brown attempts to cure this fatal defect by alleging that *other hoverboards or hoverboards generally* "have been combusting." (Compl. ¶¶ 24–28.) However, Brown does not allege in this section of the Complaint that any of these other hoverboards were Swagway Hoverboards, and he does not identify who manufactured any of them.

Nonetheless, Brown alleges that a common question exists, i.e., whether "the Swagway Hoverboard was defective and posed a danger of a fire hazard by bursting into flames during normal charging operation." (Compl. ¶ 43.) He further alleges, without elaboration, that his "claims are typical of the claims of the members of the Class." (Compl. ¶ 45.) But Brown fails to plead any *facts* to suggest that any other Swagway Hoverboard has "burst[] into flames during normal charging operation," let alone any *facts* to suggest that the problem has occurred a sufficient number of times to make Swagway Hoverboards "inherently dangerous," "unsafe," and "not fit for its intended purposes." (Compl. ¶ 22.) Even in the Complaint's allegations about *other hoverboards*, there is a conspicuous absence of any allegations that *any other hoverboard* has "burst[] into flames during normal charging operation." (*See* Compl. ¶¶ 24–28.)

In short, Brown alleges no facts that suggest a common defect, or even that any other person experienced the alleged defect that he did. Rather, Brown simply makes conclusory statements that the defect he experienced is "common," and that therefore there must be a class so numerous that joinder is impracticable. (*See* Compl. ¶ 43.) At best, the allegations of Brown's Complaint support the possibility that his individual Swagway Hoverboard may have contained an unspecified defect that caused it to self-combust. Those allegations do not support any plausible conclusion that any other Swagway Hoverboard contains a similar, unspecified defect. Instead, Brown's Complaint engages in unsupported speculation that Swagway Hoverboards are "inherently defectively designed or manufactured," without alleging the nature of the alleged inherent defect or any facts to support its supposed existence. (Compl. ¶ 54.) Brown essentially alleges that "This is a common defect because I say so."

Such conclusory class allegations should not be accepted as true and fall well short of meeting federal pleading standards. *Graham v. Henderson*, 897 F. Supp. 1157, 1159 (N.D. Ind. 1994) (holding that a court "is required to accept only factual allegations; 'it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts'"). Indeed, such conclusory allegations would not be sufficient to support a separate claim by any individual absent class member. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Had one of the absent class members attempted to assert the factually unsupported claim that his Swagway Hoverboard was defective because Mr. Brown's Swagway Hoverboard allegedly self-combusted, that absent class member's claim would be dismissed instantly under this pleading standard. The fact that Mr. Brown attempts to bring this claim as a class representative on behalf of such absent class members should not

permit the class allegations to survive based on such threadbare recitals and conclusory statements.

A conclusory statement that a defendant's conduct creates a common question of law and fact for all class members is insufficient to support a finding of commonality where a single action by the defendant is alleged and it is argued that that action might be applied to other class members. *T.V. ex rel. B.V.*, 267 F.R.D. at 237 (denying class certification and finding that commonality and typicality tests were not met when students alleged that school discipline applied to their extracurricular expressive conduct on a single occasion created a common question for all students engaged in extracurricular activity absent factual allegations of standardized conduct in applying such discipline to other students). If Brown's allegations were sufficient to plead a class action, then any person who alleged that a single product that he purchased did not function as he thought it should could turn a unique defect into a class action simply by claiming that the defect was "common" and quoting language from Rule 23. More is required to subject defendants to the costs of defending against a class action.

### B. Significant differences in state laws preclude certifying a nationwide class.

#### 1. The laws of all fifty states would apply to Brown's proposed nationwide class.

Where the basis for jurisdiction is the Class Action Fairness Act, a federal court applies the choice-of-law rules of the forum state. *Youngblood v. Linebarger Googan Blair & Sampson, LLP*, No. 10-2304, 2012 WL 4597990, at *4 (W.D. Tenn. Sept. 30, 2012). Indiana choice-of-law rules require courts to apply the substantive law of the state where any alleged harm occurred. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002).

In *Bridgestone/Firestone*, plaintiffs sought to certify a nationwide class of Ford Explorer owners, alleging that the tires on certain models of the vehicle failed at an abnormally high rate. *Id.* at 1014–15. Plaintiffs' proposed class included those owners whose tires did not fail. *Id.* at 1016. According to the plaintiffs, those people suffered financial injury by paying a higher price for the vehicles than they otherwise would have or because they experienced a diminution in

resale value. *Id.* Plaintiffs brought breach of warranty and consumer fraud claims. *Id.* at 1017. Applying Indiana choice of law principles, the Seventh Circuit held that the laws of the states where the cars were purchased applied to plaintiffs' state law claims, not the laws of the state of the seller's headquarters; in other words, the laws of all fifty states applied to the nationwide class. *Id.* at 1018.

Here, the laws of all fifty states would apply to the proposed nationwide class. Because the basis for this Court's jurisdiction is the Class Action Fairness Act, Indiana choice-of-law principles apply to Brown's claims. *Youngblood*, 2012 WL 4597990, at *4. Indiana choice-of-law principles require the application of the substantive law of the state where the alleged harm occurred. *See In re Bridgestone/Firestone*, 288 F.3d at 1016. As in *Bridgestone/Firestone*, this means the Court would apply the laws of the states where the allegedly defective products were purchased.

## 2. Substantial variations among state consumer protection statutes, unjust enrichment laws, and warranty laws preclude certifying a nationwide class.

A nationwide class action is inappropriate where the laws of multiple states must be applied, and there are significant differences among those state laws. *In re Mexico Money Transfer Litig.*, 267 F.3d 743, 746–47 (7th Cir. 2001). "[T]he application of the laws of fifty-one jurisdictions to the claims of the proposed class creates problems for the typicality, adequacy, predominance, and superiority requirements of Rule 23." *In re Vioxx Products Liability Litig.*, 239 F.R.D. 450, 459 (E.D. La. 2006).

"State consumer-protection laws vary considerably." *In re Bridgestone/Firestone, Inc.*, 288 F.3d at 1012. Variations in state consumer protection laws include "the type of prohibited conduct, proof of injury-in-fact, available remedies, scienter, statute of limitations, and reliance." *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 585 (N.D. Ill. 2008). Some state consumer protection laws require proof of deception or reliance, making them ill-suited for class treatment at all. *See id.* In *Bridgestone/Firestone*, the Seventh Circuit held that "[b]ecause these [consumer

7

protection] claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable." *Id.* ("Differences [in laws] across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court.").

Similarly, courts rarely certify a nationwide class for an unjust enrichment claim. "Because unjust enrichment is a claim that is specific to state law, cases where claims of unjust enrichment would involve putative members from more than one state are typically not certified as class actions." *Cox v. Sherman Capital LLC*, 295 F.R.D. 207, 217 (S.D. Ind. 2013). "The differences in the unjust enrichment laws are sufficiently substantive to preclude class certification." *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 533–34 (N.D. Ill. 2008) (citing cases). Unjust enrichment laws vary between states in numerous way: some states, including Florida, Idaho, Ohio, and North Carolina, may preclude indirect purchasers from bringing an unjust enrichment claim; in most states, unjust enrichment claims have three essential elements, but in at least six states there are five essential elements, in three other states there are four essential elements, and in still other states there are only one or two essential elements; and some states require that the defendant had a particular state of mind when receiving the benefit. *In re Conagra Peanut Butter Products Liability Litig.*, 251 F.R.D. 689, 697 (N.D. Ga. 2008).

Likewise, significant differences between state laws on the implied warranty of merchantability often preclude certification of a nationwide class. *See Powers v. Lycoming Engines*, 272 F.R.D. 414, 430 (E.D. Pa. 2011). Many states recognize a lack of privity as a defense, but many others do not. *Id.* at 427–28 (listing states). There are significant variations among states in what is required to disclaim the implied warranty of merchantability. *Id.* at 428 (listing variations). State laws vary regarding notice requirements to the seller. *Id.* at 428–29 (listing differences). State laws also differ regarding how a seller may limit remedies. *Id.* at 429 (discussing variations). Finally, there are defenses available in some states that are not available in other states, including misuse of the product, assumption of the risk, and contributory negligence. *Id.* at 429–30. In *Powers*, the significant variations in state laws and the inability to

group the laws into units led the court to deny class certification because a nationwide class action would have been unmanageable. *Id.* at 430.

As numerous courts have found, there are significant differences in state laws for Brown's three claims—violation of state consumer protection statutes, unjust enrichment, and breach of the implied warranty of merchantability—that will preclude the certification of a nationwide class. As the Seventh Circuit held in *Bridgestone/Firestone*, these variations in substantive law make it impossible for Brown to satisfy Rule 23's typicality, adequacy of representation, predominance, and superiority requirements for a nationwide class. No amount of discovery will change this. For that reason, the Court should strike the allegations of a nationwide class now, before the parties embark on expensive, time-consuming nationwide discovery.

### C.     Brown cannot represent statewide classes

Brown may argue that even if the Court strikes his allegations of a nationwide class, he should be granted leave to amend his Complaint to include subclasses for all fifty states. But, as explained below, Brown lacks standing to represent plaintiffs from states other than New York. At most, Brown could represent only a class of New York purchasers. However, even a subclass of New York purchasers cannot be certified as currently pleaded because New York law does not recognize a cause of action for individuals whose products did not malfunction, and Brown has not alleged that any Swagway Hoverboard other than his own has malfunctioned.

#### 1.     Brown lacks standing to represent unnamed plaintiffs from states other than New York.

"To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974) (citations omitted). A plaintiff lacks standing to bring claims under the laws of states in which he does not allege that he suffered injury. *See Caitlin v. Hanser*, No. 1:10-cv-0451, 2011 WL 1002736, at *8 (S.D. Ind. Mar. 17, 2011) (dismissing class claims under the

consumer protection laws of thirty-three states). For this reason, a court dismissed antitrust and consumer protection claims under the laws of states where no class representative lived or purchased the product as issue. *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, MDL No. 2031, 2013 WL 4506000, at *7–*8 (N.D. Ill. Aug. 23, 2013) ("Plaintiffs fail to provide any support establishing their individual standing to assert claims under the laws of states where they neither reside nor purchased products."); *see also In re Potash Antitrust Litig.*, 667 F.Supp.2d 907, 924 (N.D. Ill. 2009). "Were a named plaintiff not required to establish Article III standing for each class action presented, named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, would be allowed to embark on lengthy class discovery with respect to injuries in potentially every state in the Union." *Insulate SB, Inc. v. Advanced Finishing Systems, Inc.*, No. Civ. 13-2664, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th Cir. 2015) (internal quotation omitted).

The Complaint contains no allegations of injury to a named plaintiff occurring anywhere other than New York. The only named plaintiff in this case is a New York resident. (Compl. ¶ 8.) He purchased his Swagway Hoverboard online from Defendant Modell's, which has its principal place of business in New York. (Compl. ¶¶ 10, 29.) Brown's Swagway Hoverboard allegedly caught fire at his home in New York. (Compl. ¶ 39.)

As discussed above, in this case, Indiana choice-of-law rules dictate that the injury occurred where the plaintiff purchased his allegedly defective product. As a result, the only injury alleged in the Complaint occurred in New York. Brown lacks standing to bring claims under the laws of any state other than New York. Thus, any individual state class definition cannot extent beyond New York purchasers.

> 2. **New York does not recognize a cause of action for financial loss from an allegedly defective product.**

New York law does not allow the purchaser of an allegedly defective product to bring a claim when the plaintiff has not experienced the defect in the product he owns. *See Weaver v.*

10

*Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997) (citing cases). In *Weaver*, the plaintiff sought to certify a class of individuals who purchased a car with an allegedly defective seat belt clip. *Id.* at 98–99. The putative class included all owners of the car, regardless of whether their seat belt clips had actually malfunctioned. *Id.* at 99. Plaintiff alleged that class members had been damaged by paying more for their vehicles than they would have had they known of the defect. *Id.* The court explained that "[w]here, as here, a product performs satisfactorily and never exhibits the alleged defect, no cause of action lies." *Id.* at 100. The court dismissed the plaintiff's fraud, negligent misrepresentation, and breach of warranty claims for failing to adequately plead damages. The court dismissed plaintiff's claims under the New York Consumer Protection Act ("NYCPA") for other reasons, but later cases make clear that the damages theory advanced in *Weaver* is not viable under the NYCPA either.

One essential element of a claim under the NYCPA is that the plaintiff "has been injured." N.Y.G.B.L. § 349(h); *see also Himber v. Intuit, Inc.*, No. 10-CV-2511, 2012 WL 4442796, at *9 (E.D.N.Y. Sept. 25, 2012). In *Small v. Lorillard Tobacco Co., Inc.*, 720 N.E.2d 892 (N.Y. 1999), the plaintiffs brought claims under the NYCPA, alleging that they suffered injuries because they would not have bought cigarettes absent the defendant's deceptive commercial practices. *Id.* at 898. The court affirmed dismissal of plaintiffs' claims, holding that the plaintiffs' damages theory was "legally flawed" because they "confine[d] the relief sought solely to monetary recoupment of the purchase price of the cigarettes. . . . thus set[ting] forth deception as both act and injury." *Id.* Plaintiffs did not allege that the cost of cigarettes was affected by the alleged misrepresentation and did not seek damages for any health injuries as a result of their addiction to cigarettes. *Id.* Subsequent cases have reemphasized that NYCPA plaintiffs "must allege actual or pecuniary harm that is separate and apart from the alleged deception itself." *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-CV-01058, 2012 WL 4482057, at *7 (E.D.N.Y. Sept. 26, 2012); *Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (N.Y. App. Div. 2007) (dismissing plaintiff's NYCPA claim that she would not have purchased a drug absent the manufacturer's alleged deceptive practices).

Here, Brown seeks to certify a class of all individuals who purchased Swagway Hoverboards, regardless of whether or not their Swagway Hoverboards experienced a defect. (Compl. ¶¶ 2–3.) The Complaint alleges that the putative class members have been injured not because their Swagway Hoverboards have actually malfunctioned, but because they would not have purchased their Swagway Hoverboards had they known of *the risk* of them malfunctioning. (*See* Compl. ¶¶ 53, 59.) In other words, the alleged injuries of the putative class members are strictly financial.

Brown's damages theory is impermissible under New York law, which would apply to any class of New York plaintiffs. As in *Small*, by alleging that class members would not have purchased a Swagway Hoverboard but for Swagway's deception (Compl. ¶ 59), Brown "set[s] forth deception as both act and injury." *Small*, 720 N.E.2d at 898. Brown does not allege that the price of Swagway Hoverboards was inflated because of any specific deceptive statement, nor does he seek to recover damages for any property damage or physical injuries caused by an alleged fire. No one whose Swagway Hoverboard functioned properly has a cause of action under New York law against Swagway because *the risk* of malfunction is not a defect of any kind, but mere speculation on Brown's part. Thus, no class of New York purchasers may be certified because Brown does not allege that any other New York purchaser has purchased a Swagway Hoverboard that malfunctioned.

## II.     Brown's unjust enrichment claim should be dismissed because it is duplicative of his other causes of action

As explained in Section I.C.1 above, Brown lacks standing to bring an unjust enrichment claim under the laws of any state other than New York. Under New York law, an unjust enrichment claim is only available in unusual circumstances where the defendant has not breached a contract or committed a tort. *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). "Typical cases are those in which the defendant, *though guilty of no wrongdoing*, has received money to which he or she is not entitled." *Id.* (emphasis added). An unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional

contract or tort claim." *Id.* ("[U]njust enrichment is not a catchall cause of action to be used when others fail."). In *Corsello*, the New York Court of Appeals dismissed the unjust enrichment claim because plaintiffs alleged "that Verizon committed actionable wrongs," namely trespass and violation of New York's consumer protection statute: "To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." *Id.*

Since *Corsello*, courts applying New York law have dismissed unjust enrichment claims for being duplicative of claims under the New York consumer protection statute, *Reynolds v. Lifewatch, Inc.*, No. 14-CV-3575 (KMK), at *16 (S.D.N.Y. Sept. 29, 2015), and breach of warranty claims. *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013). In *Reynolds*, plaintiff brought claims for fraud, violation of New York's consumer protection statute, and unjust enrichment. *Reynolds*, 2015 WL 5730792, at *16. The court held that the unjust enrichment claim was duplicative because "all three claims stem from the same underlying allegation: that Plaintiff paid monthly fees for a Lifewatch device based on Defendants' misrepresentations." *Id.* The court rejected plaintiff's argument that his other claims were subject to unique defenses and dismissed the claim. *Id.* (citing similar cases). In *Ebin*, plaintiffs alleged that the defendant sold bottles of a substance called Pomace and improperly labeled them "100% Pure Olive Oil." 2013 WL 6504547, at *1. Plaintiffs brought breach of express warranty, breach of implied warranty, fraud, negligent misrepresentation, and unjust enrichment claims under New York and New Jersey law. *Id.* The court dismissed the unjust enrichment claim as "merely duplicative of their other causes of action." *Id.* at *7.

Moreover, unjust enrichment may only be "pleaded in the alternative where there is a bona fide dispute whether a relevant contract exists or covers the dispute at issue." *Bristol Village, Inc. v. Louisiana-Pacific Corp.*, 916 F. Supp. 2d 357, 366 (W.D.N.Y. 2013); *see also King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, No. 09 Civ. 3980, 2009 WL 5033960, at *7 (S.D.N.Y. Dec. 23, 2009) ("Unjust enrichment may be plead in the alternative where the plaintiff challenges the validity of the contract; it may not be plead in the alternative alongside a claim

that the defendant breached an enforceable contract."); *Haag v. Hyundai Motor America*, 969 F. Supp. 2d 313, 317 (W.D.N.Y 2013) ("Having chosen to sue for breach of warranty, plaintiff cannot plead an alternative quasi-contract claim in the hopes of modifying the terms of that warranty.").

Brown's unjust enrichment claim should be dismissed because it is duplicative of his two other causes of action. This is not a case in which Brown argues that the defendants are guilty of wrongdoing but where no contract or tort theory is available to him. *See Corsello*, 967 N.E.2d at 1185. To the contrary, Brown brings claims against the defendants under consumer protection statutes and the implied warranty of merchantability. (Compl. ¶ 2.) The basis for Brown's unjust enrichment claim is the same as that for his implied warranty and consumer protection claims: the defendants failed to disclose that the Swagway Hoverboard is allegedly defective and prone to self-combustion. (Compl. ¶¶ 20–21, 53, 59, 67.) Brown does not advance any additional basis for his unjust enrichment claim. (*See* Compl. ¶¶ 65–68[1].) As in *Reynolds* and *Ebin*, Brown's unjust enrichment claim is duplicative of his other claims and should be dismissed.

## III. Brown is not entitled to injunctive relief because he will not purchase a Swagway Hoverboard again.

Where a plaintiff seeks both money damages and injunctive relief, it is the plaintiff's burden to show standing for each type of relief. *Means v. St. Joseph County Bd. of Comm'rs*, No. 3:10-CV-00003, 2011 WL 4361567, at *3 (N.D. Ind. Sept. 16, 2011). An individual lacks standing to pursue an injunction "[a]bsent a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Means*, 2011 WL 4361567, at *3 ("[T]he complaint does not indicate that any of the plaintiffs have any concrete plans to visit either building for any reason. Without such plans, they face no actual, imminent threat of injury from the alleged ADA violations."). In *Lyons*, the Los Angeles police applied a chokehold to the plaintiff during a routine traffic stop, rendering him unconscious and damaging his larynx. *Id.* at 97–98. Lyons alleged that the police routinely used such chokeholds, injuring

---

1. In the Complaint, the last numbered paragraph should be 68, but is misnumbered as 74.

numerous people and causing Lyons to fear future arrests. *Id.* at 98. Lyons sought an injunction to prevent Los Angeles police officers from applying chokeholds absent the immediate threat of deadly force. *Id.* The Supreme Court held that Lyons lacked standing because he failed to allege "a real and immediate threat" that he would be subjected to a chokehold again. *Id.* at 110. "Lyons [was] no more entitled to an injunction than any other citizen of Los Angeles." *Id.* at 111.

As the Supreme Court had previously observed, standing "considerations obviously shade into[2] those determining whether the complaint states a sound basis for equitable relief." *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). It is a "basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The Court in *O'Shea* held that the plaintiffs lacked standing to seek an injunction to prevent state officials from continuing the allegedly discriminatory enforcement of criminal justice because plaintiffs' threat of future harm was too speculative. *Id.* at 497. The Court also held that even if plaintiffs had adequate standing, they failed to state "an adequate basis for equitable relief." *Id.* at 499. Among other things, plaintiffs failed "to establish the basic requisites of the issuance of equitable relief . . . ." *Id.* at 502. The Court deemed the threatened injury "conjectural" because it was entirely speculative whether any of the plaintiffs would be arrested in the future. *Id.* at 497, 502. Moreover, there were other avenues available by which plaintiffs could seek relief and which might act as a deterrent to the defendants. *Id.* at 502–503.

---

2. More recently, the Seventh Circuit observed that "[a]lthough the two concepts are blurred at times, standing and entitlement to relief are not the same thing." *Arreola v. Godinez*, 546 F.3d 788, 794-795 (7th Cir. 2008). In *Arreola*, the Seventh Circuit observed that standing should be kept "separate from the plaintiff's entitlement to relief or her ability to satisfy the Rule 23 criteria." *Id.* The court then analyzed the Rule 23 criteria and held that the plaintiff did not satisfy the adequacy of representation requirement because "his interest in prospective relief is too tenuous (and was too tenuous even when he first filed this lawsuit) to permit an award of injunctive relief on his individual claims." *Id.* at 799. Because of the procedural posture of the case, the court had no reason to separately analyze whether Arreola was entitled to pursue injunctive relief.

The Seventh Circuit has held that a plaintiff who fails to allege that the defendant's conduct will likely cause him future harm is not entitled to injunctive relief. *Camasta v. Joseph A. Bank Clothiers, Inc.*, 761 F.3d 732, 740–741 (7th Cir. 2014). In *Camasta*, the plaintiff alleged that the defendant violated Illinois' consumer protection statute by employing misleading sales practices. *Id.* at 735. Citing *O'Shea*, the Seventh Circuit held that "[s]ince Camasta is now aware of [the defendant's] sales practices, he is not likely to be harmed by the practices in the future. Without more than the speculative claim that he will again be harmed by [the defendant], Camasta is not entitled to injunctive relief. *Id.* at 741; *see also Albert v. Blue Diamond Growers*, No. 15 Civ. 4087(VM), 2015 WL 9450579, at *4 (S.D.N.Y. Oct. 21, 2015) ("Plaintiffs have not alleged that they will purchase Blue Diamond almond milk labeled products or WhiteWave almond milk labeled products in the future. . . . Since Plaintiffs have not alleged any future injury, they do not have standing to seek injunctive relief on behalf of themselves or a class."); *Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *3 (N.D. Ill. Aug. 1, 2013) ("Bohn cannot rely on the prospect that *other* consumers may be deceived by Boiron's product to show that she has standing to pursue injunctive relief.").

Brown lacks standing to pursue injunctive relief; in the alternative, he is not entitled to seek injunctive relief. Nowhere in the Complaint does Brown allege that he is likely to purchase a Swagway Hoverboard again. In fact, such an allegation would contradict Brown's entire theory of the case. Brown alleges that had he and the putative class members known that the Swagway Hoverboard was not safe and fit for its intended purposes, they "would not have purchased it." (Compl. ¶ 53.) There is not "a sufficient likelihood that he will again be wronged in a similar way" because there is not "a real and immediate threat" that Brown will purchase a Swagway Hoverboard in the future. *See Lyons*, 461 U.S. at 110–111.

Consistent with *Lyons*, this Court should follow those courts that have held that a consumer who does not intend to purchase a product in the future lacks standing to pursue injunctive relief. To be clear, Swagway does not dispute that Brown has standing to bring this case and pursue damages against the defendants. Just as in *Albert* and *Bohn*, where the plaintiffs

did not claim that they would purchase the alleged defective product again, Brown has not alleged that *he* is at risk of suffering financial loss by purchasing a Swagway Hoverboard in the future. Accordingly, he lacks standing to pursue injunctive relief.

Even if the Court declines to follow *Lyons*, *Albert*, and *Bohn* and holds that Brown has standing to pursue injunctive relief, it should still hold that he is not entitled to seek injunctive relief because he has not alleged a threat of future injury. *See Camasta*, 761 F.3d at 741. As the Supreme Court recognized in *O'Shea*, whether a "complaint states a sound basis for equitable relief" is a separate inquiry from Article III standing. 414 U.S. at 499; *see also Arreola*, 546 F.3d at 795. Brown cannot show that he lacks "an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44. Swagway has discussed above why Brown has no risk of future injury, and he also has adequate remedies available at law. In fact, Brown has already sued the defendants for money damages, the threat of which acts as a deterrent to the alleged conduct in the Complaint. Moreover, if Brown is truly worried about the continued sale of Swagway Hoverboards, he can notify state and federal agencies and ask them to take action against Swagway. *See Bohn*, 2013 WL 3975126 at *4 n.4. In sum, Brown has not shown that he is entitled to maintain a claim for injunctive relief.

## CONCLUSION

Swagway respectfully requests that the Court strike Brown's class allegations. In addition, Brown's unjust enrichment claim should be dismissed because it fails to state a claim under New York as it is duplicative of his other causes of action. Finally, Swagway requests that the Court dismiss Brown's claims for injunctive relief.

By: s/Darren A. Craig
Nicholas C. Pappas, #16164-49
Darren A. Craig, #25534-49
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone:   (317) 237-3800
Facsimile:    (317) 237-3900
Email:        npappas@fbtlaw.com
              dcraig@fbtlaw.com

Garrick T. Lankford
Michael D. Marston
BOTKIN & HALL LLP
105 E. Jefferson Blvd. Suite 400
South Bend, IN 46601
Telephone:   (574) 234-3900
Facsimile:    (574) 236-2839
Email:        glankford@bhlawyers.net
              mmarston@bhlawyers.net

Attorneys for Defendant Swagway, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2016, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                         s/Darren A. Craig
                                                                           Darren A. Craig

0117859.0634630   4846-7809-1822v1