UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

---------------------------------------------------------------- X
MICHAEL BROWN, on behalf of himself and all : No. 3:15-cv-588
others similarly situated, :
 :
                      Plaintiff, :
 :
      -against- :
 :
SWAGWAY, LLC, and MODELL'S SPORTING :
GOODS, INC., :
 :
                    Defendants. :
---------------------------------------------------------------- X

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM DEFENDANT MODELL'S SPORTING GOODS, INC. RELATING TO PERSONAL JURISDICTION

Plaintiff Michael Brown ("Plaintiff"), by counsel, respectfully moves the Court for leave to take limited discovery under Fed. R. Civ. P. 26(d)(1) relating to whether this Court has personal jurisdiction over Defendant Modell's Sporting Goods, Inc. ("Modell's"). Plaintiff seeks a targeted production of documents, as well as a deposition under Federal Rule of Civil Procedure 30(b)(6). A proposed document request and notice of Rule 30(b)(6) deposition are attached hereto, respectively, as exhibits A and B.

In support, Plaintiff states:

    1.      On February 29, 2016, Modell's filed its Motion to Dismiss the Complaint or, In the Alternative, To Strike Portions of the Pleadings or, In the Alternative, For a More Definite Statement ("Motion to Dismiss") (ECF No. 29), and supporting papers.

    2.      Among other grounds, Modell's Memorandum of Law in Support raised lack of personal jurisdiction as a basis for dismissal. (ECF No. 31 at 15-18). Modell's has also

submitted a Declaration of Mark Aarons in Support of Motion (ECF No. 30-2), which contains factual averments that Modell's cites in support of this ground for dismissal.

3. In order to uncover facts relevant to the issue of personal jurisdiction and to meet the factual averments of Modell's, Plaintiff has delivered to counsel for Modell's requests for production ("RFP") and a Rule 30(b)(6) deposition notice ("Notice") related to personal jurisdiction. Plaintiff's counsel has met and conferred with Modell's counsel concerning the proposed discovery, and Modell's did not agree to provide such discovery. *See* Declaration of Richard J. Kilsheimer, attached hereto as Exhibit C.

4. This Court has held that, "[a]s a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998) (citation omitted). "In fact, a district court risks abusing its discretion by not allowing some limited discovery into the personal jurisdiction issue." *Id.* To obtain discovery "[a] plaintiff must make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction *might* exist over a defendant" or that "the factual record is at least ambiguous or unclear on the jurisdiction issue." *Id.* (emphasis in original; internal citations omitted).

5. Plaintiff submits that there are sufficient facts to make a prima facie showing that this Court has personal jurisdiction over Modell's, but seeks limited discovery to more fully develop the record and to discover facts omitted from or not addressed in the supporting papers to the Motion to Dismiss, including the Aarons Declaration, and that are not otherwise known or available to Plaintiff.

6.      The following facts are already known to or believed by Plaintiff and support a prima facie case for personal jurisdiction over Modell's.

7.      Modell's operates a retail website, www.modells.com, where it offers a wide variety of products, including, until recently, the Swagway hoverboards at issue in this litigation, for purchase and shipping. Plaintiff purchased his Swagway hoverboard from www.modells.com. Products purchased through the www.modells.com website are shipped to all fifty U.S. states, and the "checkout" page of the website has dropdown menus allowing customers to select Indiana as the shipping and/or billing state. *See Best Chair Inc. v. Factory Direct Wholesale, LLC*, 121 F. Supp. 3d 828, 837 (S.D. Ind. 2015) (citing *Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010)) (finding personal jurisdiction, even with low sales volume into Indiana, where the defendant operated internet retail stores for the promotion and sale of its products, held itself out as open to do business with every state except Hawaii and Alaska, and sold products directly from various internet websites to customers in Indiana.),

8.      Modell's has conceded that it sold products to consumers in Indiana in 2015. Aarons Decl. at ¶ 5. While Modell's states that its total sales to Indiana "represent less than one quarter of one percent" of Modell's total sales orders in 2015, Modell's does not provide a total dollar amount for these sales, and that dollar amount may be substantial in light of the hundreds of millions of dollars per year Modell's earns in total sales revenue.[1] *See*, *e.g.*, *Gallert v. Courtaulds Packaging Co.*, 4 F. Supp. 2d 825, 831-32 (S.D. Ind. 1998) (finding defendant's argument that only ".0055% of its annual sales nationwide" were to Indiana unpersuasive where

---

[1] *See*, *e.g.*, "2014 Retail Top 100: SGB Ranks the 100 top U.S. sporting goods retailers in 2013," SGB Weekly June 23, 2014 at 23, available at http://d4ex6pvli7xof.cloudfront.net/sgbweekly/2014/SGB_14Q2/SGBW_1425lo.pdf (estimating Modell's total 2013 sales at $703 million). Assuming a similar figure for 2015, even a quarter of one percent of sales would be equivalent to approximately $1.75 million in sales into Indiana.

the total dollar amount was still substantial enough to represent "continuous and systematic contacts" with Indiana and an "intent to do business in this state," sufficient for personal jurisdiction). *See also Best Chair Inc.*, 121 F. Supp. 3d at 837 (noting that the "number of sales to the forum state is not determinative" of personal jurisdiction, and finding specific jurisdiction even where sales to the forum state may have been "de minimus"). Modell's also does not state what percentage of its *internet* sales were to Indiana customers.

9. Further, while Modell's has represented that www.modells.com "does not target customers in a specific state or geographic region," www.modells.com sells numerous products emblazoned with the logos of Indiana professional sports teams – including the Indiana Pacers (NBA) and Indianapolis Colts (NFL) – and Indiana universities – including Indiana University and the University of Notre Dame. These products include t-shirts, sweatshirts, caps, throw blankets, sports jerseys, wall posters, bed comforters and various other apparel and memorabilia. Indeed, in a Google search for "Indiana Pacers gear," Modell's website appears in the second page of search results, and the displayed link to the Modell's website includes what appears to be a message deliberately targeted toward fans of the Indiana Pacers ("Modell's has all the Indiana Pacers gear you need. Find Indiana Pacers jerseys, hats, shirts, sweatshirts and more gear. Shop at Modell's today!").[2] While not all supporters of Indiana sports teams will reside in Indiana, the greatest numbers of them naturally will—a fact Modell's no doubt knows when targeting these customers.

10. In addition, defendant Swagway, LLC ("Swagway") is registered in and has its principal place of business in Indiana, and information on Swagway's website indicates that

---

[2] Modell's also sells products relating to sports teams from numerous colleges and universities that are members of the National Collegiate Athletic Association ("NCAA"), which is headquartered in Indianapolis, Indiana. Plaintiff is currently unaware of the terms of contractual arrangements, if any, between Modell's and the NCAA, relating to such sales.

Swagway ships its hoverboards from a location in Indiana.[3] While Plaintiff does not know the specifics of the arrangements between Swagway and Modell's, Swagway either ships the hoverboards from Indiana to Modell's, or else fulfills Modell's online orders (from www.modells.com) by shipping directly from Indiana to Modell's customers. Relatedly, Modell's states that it "purchased Swagway Hoverboards from Swagway LLC pursuant to purchase orders and Indemnification Agreement." Aarons Decl. at ¶ 7. Additional facts about these purchase orders and this indemnification agreement, their terms, their negotiation, and the attendant business relationship between Swagway and Modell's, may reveal additional purposeful establishment of contacts with Indiana related to the hoverboards at the center of this case. *See, e.g.*, *Noble Roman's, Inc. v. French Baguette, LLC* No. 1:07-CV-1176-LJM-JMS, 2008 WL 975078, at *1 (S.D. Ind. Apr. 8, 2008) (finding specific jurisdiction in Indiana over Florida-based franchisees, even though neither of the franchisees had any offices, directors, officers, agents, employees, real property, or financial accounts in Indiana, because they "deliberately entered into a long-term Franchise Agreement with…an Indiana corporation," and thus "purposefully availed themselves of the privilege of conducting business in Indiana."); *Aero Indus., Inc. v. DeMonte Fabricating, Ltd.*, 396 F. Supp. 2d 961, 968-69 (S.D. Ind. 2005) (finding sufficient contacts for personal jurisdiction in Indiana where defendant "(1) entered into a contract with and sold two tarpaulin systems to an Indiana company, and 2) maintained an

---

[3] Swagway's website includes a map of the United States showing estimated shipping times for hoverboards ordered directly from Swagway. The map, which has been reproduced in the Complaint in this matter at paragraph 16 (ECF No.1), shows that the shortest estimated shipping time (1 day) is available within Indiana and at locations in close proximity to Indiana, while the longest estimated shipping time (5 days) is given for locations furthest from Indiana. *See* https://swagway.com/faq/ and https://swagway.com/wp-content/uploads/2015/08/swagway-ups-map.jpg. This fact in combination with the location of Swagway's principal place of business in Indiana strongly suggests that the products ship from Indiana, and this can be confirmed in discovery.

Internet web page that allowed the user to submit commercial information in exchange for a price quotation and offer for sale from [defendant]").

11. In sum, the pre-discovery facts demonstrate a prima facie showing of personal jurisdiction over Modell's and justify limited discovery that would remove any doubt that Modell's has sufficient contacts with Indiana either for general jurisdiction or, at a minimum, specific jurisdiction.

12. Having made a case for threshold discovery, Plaintiff's targeted discovery seeks only:

- The dollar amounts of Modell's total sales, revenue, and profit earned from sales or shipments to Indiana (RFP 1 and Notice Topic 1);

- The locations of any warehouses, distribution centers or fulfillers in Indiana from which products ordered from the Modell's website were shipped to customers (RFP 2 and Notice Topic 2);

- The process by which Swagway products reached Modell's customers after they were ordered from www.modells.com, including the locations from which they were shipped (RFP 3 and Notice Topic 3);

- The process by which Swagway products were delivered to Modell's for sale in its retail stores (RFP 4 and Notice Topic 4);

- Any contracts or agreements between Modell's and Swagway concerning the sale of Swagway products by Modell's (RFP 5 and Notice Topic 5);

- The existence of any other contracts between Modell's and any other Indiana-based or incorporated entities, including the NCAA (RFP 7 and 8 and Notice Topics 7 and 8) ; and

- Attempts by Modell's to advertise to or target Indiana consumers, including in connection with Indiana sports franchises and universities, as well as traffic on Modell's website from Indiana consumers.  (RFP 9-13 and Notice Topics 9-12).

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) granting Plaintiff leave to seek jurisdictional discovery consisting of document production and a Rule 30(b)(6) deposition responsive to the attached document request and Rule 30(b)(6) notice; and (2) setting a schedule requiring Modell's to comply with the discovery within a reasonable amount of time such that Plaintiff may make a fully informed response to Modell's Motion to Dismiss.

DATED:        March 17, 2016

s/Irwin B. Levin
Irwin B. Levin, No. 8786-49
Richard E. Shevitz, No. 2007-49
Vess A. Miller, No. 26495-53
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com

Seth R. Lesser, *pro hac vice*
Jeffrey A. Klafter, *pro hac vice*
Fran L. Rudich, *pro hac vice*
Michael H. Reed, *pro hac vice*
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
slesser@klafterolsen.com
jak@klafterolsen.com
frudich@klafterolsen.com
michael.reed@klafterolsen.com

        Robert N. Kaplan
        Richard J. Kilsheimer
        KAPLAN FOX & KILSHEIMER LLP
        850 Third Avenue
        14th Floor
        New York, NY 10022
        Telephone: (212) 687-1980
        Facsimile: (212) 687-7714
        rkilsheimer@kaplanfox.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I certify that on March 17, 2016, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/Irwin B. Levin
        Irwin B. Levin