UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL BROWN,

    Plaintiff,

  v.

SWAGWAY, LLC,

    Defendant.

Case No. 3:15-CV-588 JVB

## OPINION AND ORDER

Plaintiff claims the Swagway hoverboard he bought burst into flames. He attempts to bring a consumer class action. Defendant Swagway moves to strike the class allegations, to dismiss the unjust enrichment claim, and to dismiss the claim for injunctive relief. (DE 39.) For the following reasons, the Court denies these motions.

**A.    Motion to strike class allegations**

Motions to strike class allegations are disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (involving motion to strike affirmative defenses). Courts disfavor motions to strike class allegations in part because a motion for class certification is a more appropriate vehicle for consideration of the relevant issues. *See DuRocher v. Nat'l Collegiate Athletic Ass'n*, No. 1:13-cv-1570, 2015 WL 1505675, at *4, n.2 (S.D. Ind. Mar. 31, 2015).[1]

---

[1] *See also Pruitt v. Pers. Staffing Group, LLC*, No. 16-cv-5079, 2016 WL 6995566, at *6 (N.D. Ill. Nov. 30, 2016) ("Defendants, however, have not shown that such a drastic measure [as striking the class allegations] should be taken in this case. They present no justification for denying Plaintiffs the opportunity to conduct some class discovery and for the court to resolve the class certification issue on the merits in an orderly fashion.").

This is because class action plaintiffs generally bear the burden of satisfying Rule 23, but class action defendants often control the information plaintiffs need to carry that burden. Hence, the need for discovery. *See Murdock-Alexander v. Tempsnow Employment*, No. 16-cv-5182, 2016 WL 6833961, at *3 (N.D. Ill. Nov. 21, 2016).

Since class certification "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," striking class allegations at the pleading stage is generally inappropriate. *Boatwright v. Walgreen Co.*, No. 10-cv-3902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011). "[M]otions to strike class allegations are generally regarded as premature because the shape and form of the class is to be given time to evolve through discovery." *DuRocher*, 2015 WL 1505675, at *4.

Indeed, a court abuses its discretion by not allowing appropriate discovery before deciding whether to certify a class. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) (*overruled on other grounds by Chapman v. All Am. Painting, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)).

Motions to strike class allegations at the pleading stage are generally only appropriate where it is clear from the pleadings that the class claims are defective. *See Murdock-Alexander*, 2016 WL 6833961, at *4; *see also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

On a motion to strike class allegations (as opposed to a motion for class certification) the moving defendant bears the burden of persuasion. *See Rysewyk v. Sears Holdings Corp.*, No. 15-cv-4519, 2015 WL 9259886, at *8 (N.D. Ill. Dec. 18, 2015).

Here, Defendant Swagway has not persuaded the Court to strike the class allegations at this stage. The Court cannot say "it is obvious from the pleadings that no class action can be maintained." *In re Yasmin & Yaz (Drospirenone) Mktg.*, 275 F.R.D. 270, 274 (S.D. Ill. 2011).

Plaintiff might have an uphill climb on a motion to certify the class, but striking at this point would be premature. Defendant may re-raise its arguments later.

For these reasons, and for other reasons articulated in Plaintiff's response (DE 50), the Court denies the motion to strike (DE 39).


**B.     Motions to dismiss**

**1.     Standard for evaluating a motion to dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

---

[1] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

As the Supreme Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Seventh Circuit synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**2.    Motion to dismiss unjust enrichment claim**

Defendant Swagway moves to dismiss the unjust enrichment claim. (DE 39.)

Defendant argues Brown lacks standing to bring an unjust enrichment claim under the laws of any state other than New York, and that under New York law, an unjust enrichment claim is only available in unusual circumstances where the defendant has not breached a contract or committed a tort. Defendant argues that the unjust enrichment claim should be dismissed because it is duplicative of other claims.

4

Regarding standing, two Supreme Court cases provide guidance. In *Amchem*, the Supreme Court resolved "logically antecedent" class certification issues before standing issues, and observed that without a certified class, the unnamed proposed class members' standing was irrelevant. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

Then, in *Ortiz*, the Supreme Court again found class certification issues to be "logically antecedent" to Article III issues, and addressed whether the proposed settlement class met Rule 23's requirements before considering the putative class representative's standing. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999).

The Seventh Circuit recognized the Supreme Court's decision in *Ortiz* as a "directive to consider issues of class certification prior to issues of standing." *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002). Furthermore, the *Payton* Court recognized that, after certification, courts assess standing based on the class as a whole:

> We understand *Ortiz* to rest on the long-standing rule that, once a class is properly certified, statutory and Article III standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs. The certification of a class changes the standing aspects of a suit, because a properly certified class has a legal status separate from and independent of the interest asserted by the named plaintiff.

*Id.* (quotation marks omitted).

Moreover, Rule 8 allows Plaintiff to plead in the alternative. Fed. R. Civ. Pro. 8(d)(2). Therefore, the Court concludes that dismissing the unjust enrichment claim at this stage would be premature and inappropriate. Defendant has not shown that Rule 12(b)(6) compels dismissal.

For these reasons, and for other reasons articulated in Plaintiff's response (DE 50), the Court denies the motion to dismiss the unjust enrichment claim (DE 39).

**3.    Motion to dismiss claim for injunctive relief**

Defendant Swagway also moves to dismiss the claim for injunctive relief. (DE 39.)

Defendant argues Plaintiff lacks standing to pursue injunctive relief, and is not entitled to seek injunctive relief, because he has not alleged that he is likely to purchase a Swagway Hoverboard again, and therefore has not alleged that Defendant's conduct will likely cause him future harm. Defendant also argues Plaintiff cannot show he lacks an adequate remedy at law.

Again, the class certification issues are logically antecedent to the standing issues. *See Amchem*, 521 U.S. at 612.

Moreover, this Court agrees with the reasoning of a recent decision by a sister district concluding that the fact that a named plaintiff is unlikely to purchase a defendant's product in the future does not undermine standing.[2] The injunctive provisions of the consumer protection

---

[2] In a 2016 decision, the Northern District of Illinois reasoned:

> Indeed, courts have split on whether a plaintiff who, having unveiled the defendant's deception, is unlikely to purchase (or affirmatively disavows the intent to purchase) the defendant's product in the future nevertheless maintains standing to pursue injunctive relief under state consumer protection statutes. The better view, however, and the one consistent with *Arreola* [*v. Godinez*, 546 F.3d 788 (7th Cir. 2008)], is the one taken by courts that have declined to hold that plaintiffs lacked standing based on the fact that they abandoned the product upon their discovery that it had been deceptively labeled or advertised. These courts acknowledged the public policy conundrum inherent in the contrary view: the injunctive provisions of consumer protection statutes such as ICFA could never be invoked to enjoin deceptive practices if the complaining consumer's standing dissipated the moment she discovered the alleged deception and could no

statutes applicable here could not be invoked by a consumer if his standing disappeared the moment he discovered the deception.

For these reasons, and for other reasons articulated in Plaintiff's response (DE 50), the Court denies the motion to dismiss the claim for injunctive relief (DE 39).

**C.      Conclusion**

The Court **DENIES** Defendant Swagway's motions (DE 39).

**SO ORDERED** on March 7, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT COURT

---

longer be fooled. While it is true, as *Bohn* observes, that public policy concerns do not confer Article III standing on a plaintiff who fails to allege an individual injury in fact, I am satisfied that plaintiff has alleged a legally cognizable injury resulting from defendant's alleged deception, and thus has standing to bring her claims. Whether plaintiff is an appropriate class representative with respect to some or all of these claims is an issue properly decided after discovery and briefing on class certification.

*Leiner v. Johnson & Johnson Consumer Cos.*, No. 15-cv-5876, 2016 WL 128098, at *1 (N.D. Ill. Jan. 12, 2016) (internal citations omitted).