IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>SWAGWAY, LLC,<br><br>        Defendant. | Case No. 3:15-cv-00588-JED-MGG |

### BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO DISQUALIFY AND REVOKE *PRO HAC VICE* ADMISSION

#### INTRODUCTION

Defendant Swagway, LLC has moved to dismiss this litigation because Plaintiff's counsel, Klafter Olsen & Lesser LLP ("**Klafter**"), disclosed confidential mediation information in violation of Rules 16(f), 37(d)(2)(A), and 41(b) of the Federal Rules of Civil Procedure, Indiana Alternative Dispute Resolution Rule 2.11, Northern District of Indiana Local Rule 16-6, and Indiana Rule of Professional Conduct 3.6. Swagway has also moved, alternatively, to disqualify Klafter and revoke Jeffrey Klafter's *pro hac vice* admission on the same grounds. The violations of Indiana A.D.R. Rule 2.11 and Rule of Professional Conduct 3.6 relate to an article published in May 8, 2018, by two affiliated services, Cision and PR Newswire.

The Court should enter an order staying all discovery in this matter pending the outcome of Defendant's Motion to Dismiss or, Alternatively, Motion to Disqualify and Revoke *Pro Hac Vice* Admission (hereinafter referred to as the "**Motion to Dismiss**"), except for any discovery necessary to resolve the pending Motion to Dismiss. The Motion to Dismiss presents threshold issues that can be resolved with only limited discovery into the May 8, 2018 article. Accordingly,

a stay of discovery will conserve the parties' resources without interfering with the issues before the Court.

**ARGUMENT**

The Federal Rules of Civil Procedure give the district courts broad discretion to control the timing and extent of discovery. Fed. R. Civ. P. 26(c); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). Courts often stay discovery while a motion to dismiss the complaint is pending. *Sanders v. City of Indianapolis*, No. 1:09-cv-0622-SEB-JMS, 2010 WL 1410587, at *1 (S.D. Ind. Apr. 2, 2010).[1] "A stay of discovery is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing." *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, 409-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010) (citations and internal quotation marks omitted).

---

[1] District courts throughout the Seventh Circuit routinely stay discovery while a motion to dismiss the complaint is pending. *Lewis v. SSA*, No. 2:09-cv-319-WTL-JMS, 2010 U.S. Dist. LEXIS 44145, at *1 (S.D. Ind. May 5, 2010) ("The defendant's motion to dismiss is fully briefed. Discovery is not warranted so long as that motion is pending."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. . . . [S]uch stays are granted with substantial frequency." (citations omitted)); *Mossman v. Dental Enters.*, No. 3:05-CV-007 RM, 2005 U.S. Dist. LEXIS 8656 (N.D. Ind. May 9, 2005); *Nauman v. Abbott Labs.*, No. 04 C 7199, 2005 U.S. Dist. LEXIS 9568 (N.D. Ill. Apr. 27, 2005); *Malone v. Clark*, No. 04-C-229-C, 2004 WL 2053284 (W.D. Wis. Oct. 26, 2004); *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590 (N.D. Ill. Jan. 23, 2002); *Hill v. Amoco Oil*, No. 97 C 7501, 2001 U.S. Dist. LEXIS 3082 (N.D. Ill. Mar. 15, 2001); *Cooper v. Harris*, No. 98 C 1623 and No. 98 C 1624 (consolidated), 1999 U.S. Dist. LEXIS 6149 (N.D. Ill. Apr. 8, 1999); *Johnson v. Indopco, Inc.*, 846 F. Supp. 670 (N.D. Ill. 1994); *RE. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499 (N.D. Ill. 1990); *DeSmet v. Snyder*, 653 F. Supp. 797 (E.D. Wis. 1987); *Stokes v. City of Chicago*, No. 86 C 4759, 1986 U.S. Dist. LEXIS 18720 (N.D. Ill. Oct. 22, 1986); *CBOE, Inc. v. Conn. Gen. Life Ins. Co.*, 95 F.R.D. 524 (N.D. Ill. 1982).

"[T]o determine whether a stay of discovery is warranted, the court must look at the individual case." *Id.* In this case, a limited stay of discovery is appropriate because the Motion to Dismiss can be decided without full discovery, and discovery into the underlying claims in this case would be "'unlikely to produce facts necessary to defeat the motion.'" *Id.* (quoting *Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008)). Swagway's Motion to Dismiss focuses wholly on Klafter's violations of Indiana A.D.R. Rule 2.11 and Rule of Professional Conduct 3.6, upon which the underlying consumer class action claims have no bearing.

Only very limited discovery, unrelated to Plaintiff's underlying allegations, is necessary to decide the merits of Swagway's motion, and it would be unfair to subject Swagway to the expense of discovery where its case may be dismissed for violations of Indiana A.D.R. Rule 2.11 and Rule of Professional Conduct 3.6, unrelated to Plaintiff's claims. It would similarly be unfair to force Swagway to engage in discovery when Plaintiff's counsel is subject to disqualification for said violations.

Even if the Court does not dismiss this action, a stay of discovery is appropriate while the Court inquires into the misconduct described in Swagway's Motion to Dismiss. It is not fair to require Swagway to present a corporate representative for a deposition or to submit to other discovery while these issues are unresolved. On August 31, 2017, the Court entered a Confidentiality Agreement and Protective Order governing the confidentiality of information disclosed in discovery. (Confidentiality Agreement and Protective Order (ECF No. 91).) Swagway has no confidence those requirements will be observed given the improper disclosure of confidential mediation communications that have already occurred. Accordingly, Plaintiff

3

should not be permitted to undertake further discovery until the Court addresses Swagway's Motion to Dismiss.

## CONCLUSION

The article published on May 8, 2018 by Cision and PR Newswire constitutes violations of Indiana A.D.R. Rule 2.11 and Rule of Professional Conduct 3.6 by plaintiff's counsel, Klafter Olsen & Lesser LLP. Accordingly, this Court should spare Defendants the unnecessary burden of full discovery and stay all discovery, except to the extent that Swagway may conduct discovery of the publication of the May 8, 2018 article and Klafter's relationship with Cision and PR Newswire, pending Swagway's Motion to Dismiss or, Alternatively, Motion to Disqualify and Revoke *Pro Hac Vice* Admission.

FROST BROWN TODD LLC

By:   s/Darren A. Craig
     Nicholas C. Pappas, #16164-49
     Darren A. Craig, #25534-49
     201 North Illinois Street, Suite 1900
     P.O. Box 44961
     Indianapolis, IN 46244-0961
     Telephone:  (317) 237-3800
     Facsimile:  (317) 237-3900
     Email:  npappas@fbtlaw.com
                dcraig@fbtlaw.com

Attorneys for Defendant Swagway, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    s/Darren A. Craig
                                                        Darren A. Craig

0117859.0634630   4823-8990-5765v1